In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00265-CV

_____

IN RE TEXAS MUTUAL INSURANCE COMPANY

**Original Proceeding**
**1A District Court of Jasper County, Texas**
**Trial Cause No. 34,224**

## MEMORANDUM OPINION

In this original proceeding, we conditionally grant mandamus relief. Texas Mutual Insurance Company ("Texas Mutual") denied Larry Smith's claim for workers' compensation benefits for an on-the-job injury allegedly sustained on June 23, 2014, because the workers' compensation policy allegedly expired approximately three weeks earlier. Smith's employer, Jimmy E. Ellis, d/b/a Jimmy Ellis Construction ("Ellis") sued Texas Mutual and asked the trial court to order Texas Mutual to provide workers' compensation benefits to Smith and reimburse Ellis for medical expenses that Ellis claims to have incurred in connection with

1

Smith's injury. Texas Mutual filed a challenge to the trial court's jurisdiction, arguing in part that Ellis had not presented a claim to the Texas Department of Insurance Division of Workers' Compensation (the "Division"). Ellis responded and argued that the trial court had jurisdiction over the claim because the claim was based on a theory of equitable estoppel. The trial court denied Texas Mutual's motion to dismiss the suit for lack of jurisdiction.

Ellis argues that the trial court has jurisdiction to determine whether Texas Mutual waived its right of cancellation pursuant to this Court's decision in *Dairyland County Mutual Insurance Company of Texas v. Mason. See generally* 460 S.W.2d 481, 484 (Tex. Civ. App.—Beaumont 1970, writ ref'd n.r.e.). The current Texas Workers' Compensation Act (the Act) "with its definitions, detailed procedures, and dispute resolution process demonstrating legislative intent for there to be no alternative remedies" was not in effect when *Mason* was decided. *See Texas Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 444 (Tex. 2012). The Act now provides an administrative dispute resolution process for claims for workers' compensation benefits, including a claim for reimbursement by a subclaimant such as Ellis. *Id.*; *see also* Tex. Labor Code Ann. § 409.009 (West 2015).

The Division has exclusive jurisdiction "for claims arising out of a carrier's investigation, handling, or settling of a claim for workers' compensation benefits."

2

*In re Crawford & Co.*, 458 S.W.3d 920, 925-26 (Tex. 2015). Ellis's claims fall within the Division's exclusive jurisdiction and "the Act provides the sole process and remedies for those claims." *Id.* at 928. According to the record before us, Ellis has not pursued the administrative process that is a prerequisite for judicial review. *Id.*; *see also* Tex. Labor Code §§ 410.252, 410.302 (West 2015). The trial court lacked subject matter jurisdiction; therefore, it was an abuse of discretion for the trial court to deny the motion to dismiss. Texas Mutual is entitled to mandamus relief. *Crawford & Co.*, 458 S.W.3d at 928.

We conditionally grant mandamus relief and direct the trial court to vacate its order of February 5, 2015, and to dismiss the suit for lack of subject-matter jurisdiction. The writ will issue only if the trial court fails to act in accordance with this opinion.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on July 17, 2015
Opinion Delivered August 13, 2015

Before McKeithen, C.J., Horton and Johnson, JJ.

3